UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3745-GW-ASx | Date | May 13, 2020 |
|---|---|---|---|
| Title | *Samuel Armstrong v. Gavin Newsom, et al.* | Page | 1 of 4 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - RULING ON EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [8]**

## I.  Background[1]

This cases involves the constitutionality of California's statewide stay-at-home order issued in response to the ongoing COVID-19 pandemic. Plaintiff Samuel Armstrong ("Plaintiff") brought this putative class action against defendant Gavin Newsom ("Defendant"), the governor of California, alleging that the stay-at-home order (Executive Order N-33-20, attached as an exhibit to the seven-page Cpmplaint) ("SHO") violates the Due Process Clause of the Fourteenth Amendment. Before the Court is Plaintiff's ex parte application for a temporary restraining order ("TRO") enjoining enforcement of the SHO, which Plaintiff filed yesterday.

The SHO orders Californians to comply with a separate order issued by the State Public Health Officer. SHO at 1. That order in turn states that Californians must stay home "except as needed to maintain continuity of operations" in certain areas of critical federal infrastructure which are identified in yet another document. *Id.* That document lists 16 areas, including "Commercial Facilities," "Food and Agriculture," and "Healthcare and Public Health" sectors.

---

[1] The following abbreviations are used for the filings: (1) Complaint ("Cmpl."), ECF No. 1; (2) Executive Order N-33-20 ("Stay Home Order", ECF No. 1-1; (3) Application for Temporary Restraining Order ("TRO App."), ECF No. 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-3745-GW-ASx | Date | May 13, 2020 |
| Title | Samuel Armstrong v. Gavin Newsom, et al. | Page | 2 of 4 |

Plaintiff alleges that: (1) the SHO confines him and other California residents who do not clearly fall within one of the exempt sectors to their homes, and constitutes detention without due process in violation of the Fourteenth Amendment; and (2) the SHO is impermissibly vague. Cmpl. ¶ 1.

## II.  Legal Standard

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *See Postmates Inc. v. 10,356 Individuals*, No. CV 20-2783-PSG-(JEMx), 2020 WL 1908302, *5 (C.D. Cal. Apr. 15, 2020) (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952)). The standards for a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO "is a form of preliminary injunctive relief that can be issued, under narrow circumstances, without notice to the opposing party or that party's attorney. Its sole purpose is to preserve the status quo pending hearing on the moving party's application for a preliminary injunction." O'Connell & Stevenson, *Federal Civil Procedure Before Trial, California and 9th Circuit Editions*, § 13:7 (Rutter Grp. 2017).

A party seeking a temporary restraining order or preliminary injunctive relief must demonstrate: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction [or temporary restraining order] is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). The party must present evidence sufficient to clearly carry his or her burden of persuasion on each requirement. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (citations omitted); *Winter*, 555 U.S. at 22 (explaining that a preliminary injunction can issue only on "a clear showing that the plaintiff is entitled to such relief").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3745-GW-ASx | Date | May 13, 2020 |
|---|---|---|---|
| Title | Samuel Armstrong v. Gavin Newsom, et al. | Page | 3 of 4 |

### III. Discussion

Plaintiff has not shown that he is likely to succeed on the merits, or that a temporary restraining order is in the public interest. Either of these standing alone is a sufficient ground for denying Plaintiff's TRO application.

#### A. Likelihood of success on the merits

Plaintiff's constitutional challenge to the SHO runs into the principle that "under the pressure of great dangers," individual constitutional rights may be reasonably restricted "as the safety of the general public may demand." *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 27 (1905). Contrary to Plaintiff's argument, "great dangers" are not limited to wartime, TRO App. 11-12, but may include (and have included) situations such as now where society is faced with a pandemic. *Id.* (observing that "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members").

Plaintiff states that he "is not challenging the Governor's prerogative (and medically sound decision) to prevent mass gatherings," but rather is challengingly the SHO's requirement – which goes beyond that – that Californians stay at home. TRO App. at 14, 28. However, as another court has observed, the "settled" rule of *Jacobson* "allows the state to restrict, for example, one's right to peaceably assemble, to publicly worship, to travel, and *even to leave one's home*." *In re Abbot*, 954 F.3d 772, 778 (5th Cir. 2020) (emphasis added). Plaintiff's arguments that these authorities do not support the SHO's validity (such as distinguishing the severity of the threat of smallpox in *Jacobson* and COVID-19 here, or contrasting the reasonableness of the restrictions in *Abbot* and the SHO), fall short of showing a likelihood of success on the merits based merely upon the materials Plaintiff has proffered in his papers.

#### B. The public interest

Even if Plaintiff were likely to succeed on the merits, Plaintiff's application does not show that a TRO would be in the public interest. While it has a conclusory statement that "an injunction is in the public interest," TRO App. at 41, it does not address what the consequences would be

| CV-90 | | CIVIL MINUTES—GENERAL | | Initials of Deputy Clerk JG |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-3745-GW-ASx | Date | May 13, 2020 |
| Title | Samuel Armstrong v. Gavin Newsom, et al. | Page | 4 of 4 |

from lifting the SHO, such as any increase in infections and fatalities. Given this failure, Plaintiff has not demonstrated that a TRO would be in the public interest.

Additionally, given the importance of any judicial order that could possibly limit the Governor's exercising his executive powers in the face of the current COVID-19 pandemic, this Court is extremely reluctant to render any decision without the hearing from the State Attorney General's Office.

**IV.    Conclusion**

Based on the foregoing discussion, the Court **DENIES** the application for a temporary restraining order. The Court sets a hearing date of May 28, 2020 at 8:30 a.m. on Plaintiff's motion for a preliminary injunction, unless the parties stipulate to a different date and briefing schedule. Counsel are to appear telephonically with advance arrangement with the Court Clerk. Defendant shall file and serve any opposition papers by May 20, 2020, and Plaintiff shall file any reply by noon on May 22, 2020.