JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3745-GW-ASx | Date | January 11, 2021 |
|---|---|---|---|
| Title | *Samuel Armstrong v. Gavin Newsom, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Rami M. Kayyali | Anna Barsegyan, CAAG |

**PROCEEDINGS:** **TELEPHONIC HEARING ON DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [48]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the motion to dismiss with prejudice.

: 09

Initials of Preparer   JG

<u>*Samuel Armstrong v. Gavin Newsom et al.*</u>; Case No. 2:20-cv-03745-GW-(ASx)
Tentative Ruling on Motion to Dismiss

### I. Background[1]

This case is one of several challenging the constitutionality of California's statewide stay-at-home orders issued in response to the ongoing COVID-19 pandemic. Plaintiff Samuel Armstrong brought this putative class action against the governor of California, Gavin Newsom, alleging that the order violates the Due Process Clause of the Fourteenth Amendment.

The Court earlier denied Armstrong's motions for a temporary restraining order and preliminary injunction, and granted the Governor's motions to dismiss two earlier versions of the complaint. *See* ECF Nos. 12, 25, 37, 46. In dismissing the first version, the Court observed that Armstrong "ha[d] not offered any evidence arguing that these restrictions are not related to protecting the public health" and that he "fail[ed] to identify any particular part of the [stay-at-home] guidelines . . . that is not sufficiently clear." 1AC MTD Ruling at 5. In dismissing the second, the Court observed that the complaint was "not materially different from the first one that the Court dismissed. 2AC MTD Ruling at 1.

Armstrong has since filed another amended complaint, which again is not materially different than the earlier versions. For the reasons discussed below, the Court **GRANTS** the Governor's motion to dismiss.

### II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The court must construe the complaint in the light most favorable to the plaintiff, by accepting all allegations of material fact as true, and drawing all reasonable inferences from well-

---

[1] The following abbreviations are used for the filings: (1) Plaintiff's First Amended Complaint ("1AC"), ECF No. 28; (2) Civil Minutes ("1AC MTD Ruling"), ECF No. 37; (3) Plaintiff's Second Amended Complaint ("2AC"), ECF No. 38; Civil Minutes ("2AC MTD Ruling"), ECF No. 46; (4) Defendant's Motion to Dismiss ("Mot."), ECF No. 48; (5) Defendant's Request for Judicial Notice ("RJN"), ECF No. 49; (6) Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."), ECF No. 50; (7) Defendant's Reply in Support of the Motion to Dismiss ("Reply"), ECF No. 51.

pleaded factual allegations in favor of the plaintiff. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must provide grounds demonstrating its entitlement to relief. *Twombly*, 550 U.S. at 555 (2007). Under the Supreme Court's decisions in *Twombly* and *Iqbal*, this requires that the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.   Discussion

This latest complaint is identical to the previous one, except for the addition of a single paragraph which mostly repeats the same allegations already considered. *See* 3AC at 3. Armstrong, who works as a custodian for commercial buildings, alleges that the stay-at-home order caused him to lose "substantial business and income." *Id*. Furthermore, he "lost the comfort and society of his family, friends and associates" and "could not travel to his property in Northern California." *Id.*

The Court's reasoning for dismissing the earlier versions of the complaint apply equally here. The newly added paragraph is substantively the same as the following passage that the Court cited to and addressed in dismissing the previous complaint:

> [The stay-at-home order] forbade plaintiff and others similarly situated from exercising their basic liberties including freedom of association, traveling, contracting and earning a living. Plaintiff was forbidden from visiting his family members and associates, regardless if anyone was suspected of harboring an infectious disease. He was forbidden from traveling. He was forbidden from attending to his work and servicing his contractual obligations.

2AC at 3. In dismissing that complaint, the Court observed that "many of these allegations are demonstrably false." 2AC MTD Ruling at 6. While in this latest complaint Armstrong has now specifically alleged where he cannot travel (his other property in Northern California), that allegation is incorrect. *See* Opp. at 14 (citing judicially noticeable facts showing that Armstrong is not prohibited from leaving his primary home in Los Angeles to go to his property in Northern California).[2]

---

[2] After observing earlier that "[Armstrong] does not even explain what work he is prohibited from doing," 2AC MTD Ruling at 6, Armstrong amended the complaint to specify that he works as a custodian for commercial buildings. 3AC at 3. However, that does not change the outcome because temporarily interrupting certain businesses certainly has a "real or substantial relation" to protecting the public health. *Jacobson v. Commonwealth of*

In granting the motion to dismiss Plaintiff's Third Amended Complaint, the Court incorporates herein the reasoning in its prior dismissal orders.  *See*  ECF Nos. 46, 37, 25. Additionally, the Court would observe that since its last dismissal ruling on October 15, 2020, the COVID-19 situation in the state of California has (as with many other parts of the United States) grown exponentially worse.  *See, e.g.,* https://www.nytimes.com/interactive/2020/us/california-coronavirus-cases.html (last visited on January 8, 2021) (reporting that on October 15, 2020, the number of new COVID-19 cases for that day in California was 3,286, with the daily average for the prior 7 days being 3,285; whereas on January 7, 2021, the number of new cases in the state was 40,397 with the 7-day average being 40,160 and the death count for that day was 512; and, as of January 7, 2021, the total reported COVID-19 cases in California was over 2,588,800 with 28,552 deaths); *see also* https://covid19.ca.gov/state-dashboard/ (last visited on January 8, 2021). Finally, the Court would quote from Justice Roberts' concurrence in *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613-14 (2020):

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement.  Our Constitution principally entrusts "[t]he safety and the health of the people" to the politically accountable officials of the States "to guard and protect." *Jacobson v. Massachusetts*, 197 U. S. 11, 38, 25 S. Ct. 358, 49 L. Ed. 643 (1905). When those officials "undertake[ ] to act in areas fraught with medical and scientific uncertainties," their latitude "must be especially broad." *Marshall v. United States,* 414 U. S. 417, 427, 94 S. Ct. 700, 38 L. Ed. 2d 618 (1974).  Where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary," which lacks the background, competence, and expertise to assess public health and is not accountable to the people.  *See Garcia v. San Antonio Metropolitan Transit Authority*, 469 U. S. 528, 545, 105 S. Ct. 1005, 83 L. Ed. 2d 1016 (1985).

**IV.    Conclusion**

Based on the foregoing discussion, the Court **GRANTS** the motion to dismiss.  The Governor asks that the dismissal be with prejudice.  Given all the opportunities Armstrong has had to amend his complaint, and his failure to materially amend it to address the concerns raised in the earlier dismissals, the Court will now dismiss the case with prejudice.  *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (leave to amend should be freely given unless "amendment of the complaint would be futile").

---

*Massachusetts*, 197 U.S. 11, 31 (1905).